UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 23-CR-20595
HON. MARK A. GOLDSMITH

STANLEY DYE, JR.,

Defendant.
_______________________________________/

**ORDER DENYING DEFENDANT'S MOTIONS FOR EARLY TERMINATION OF SUPERVISED RELEASE (Dkt. 3, 4)**

In this criminal case, Defendant Stanely Dye, Jr. was convicted of Aiding and Abetting in the Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. *See* Judgment (Dkt. 1-1). Dye was sentenced to 151 months' imprisonment, to be followed by a 3-year term of supervised release. Id. Dye was released from custody and is now serving his term of supervised release. Acting pro se, Dye moves for early termination of his term of supervised release. (Dkt. 3, 4). The Government opposes his motion. (Dkt. 7).

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Hale, 127 F.4th 638, 640 (6th Cir. 2025) (quoting United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020)).

"Section 3538(e)(1) requires the district court to determine whether early termination 'is warranted by the conduct of the defendant released and the interest of justice,' in addition to certain § 3553(a) factors." Id. at 641. Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. United States v. Tavarez, 141 F.4th 750, 756 (6th Cir. 2025).

The Sixth Circuit has explained that while "exceptionally good" conduct is not an "absolute prerequisite to relief," it may certainly be considered by a district court considering a motion for early termination:

> That is not to say that a district court may not consider whether a defendant exhibited "exceptionally good behavior" when exercising its broad discretion to resolve motions for early termination of supervised release. Indeed, we might expect that district courts will "generally" find early termination proper only when exceptionally good conduct or other changed circumstances are present. *See Melvin*, 978 F.3d at 53. After all, compliance with all conditions "is expected of an individual on supervised release," *Butler*, 2023 WL 6552878, at *2, and non-compliance is a ground for revocation, *see* 18 U.S.C. § 3583(e)(3).

United States v. Hale, 127 F.4th at 641.

Dye argues in his motion that his term of supervised release should be terminated because he has thus far complied with all conditions. He also claims that early termination may allow him to obtain more favorable truck driving routes. (Dkt. 3, PageID.38). But Dye's supervising officer advises that Dye has not provided any information that would indicate his supervised release is hampering his ability to work. (Dkt. 7, PageID.53).

While Dye's conduct while on supervised release is laudable, the Court finds it is not so unusual as to warrant early termination. After all, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release." United States v. McKay, 352 F. Supp. 2d 359, 361 (S.D. N.Y. 2005). Likewise, productive employment, while also laudable, does not justify early termination of supervision. United States v. Vary, 683 F. Supp. 3d 666, 669 (E.D. Mich. 2023). If compliance with the terms of supervised release warranted early termination, then "the exception would swallow the rule." Id.

This Court has also considered the factors in 18 U.S.C. § 3553(a) and finds that they do not favor early termination. For example, the nature of his offense weighs against relief.

Thus, Dye's motion for early termination of supervised release is denied.

**SO ORDERED.**

Dated: September 21, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager